824 F.2d 978
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Lee RODRIGUEZ, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 Appeal No. 87-3088.
 United States Court of Appeals, Federal Circuit.
 June 4, 1987.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and BENNETT, Senior Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. SF04328610265, sustaining Department of Health and Human Service's (agency's) removal of Lee Rodriguez (Rodriguez) for unsatisfactory performance, is affirmed.
 
 OPINION
 
 2
 Substantial evidence supports the board's findings that the agency proved by substantial evidence that Rodriguez' performance was unsatisfactory in the critical elements of (1) evaluation and appraisal of subordinates, and (2) leadership and supervision of employees.
 
 
 3
 To show harmful error, Rodriguez must demonstrate how the agency's three-day notice deficit substantially prejudiced her rights by possibly affecting the agency's decision. Cornelius v. Nutt, 472 U.S. 648, 661 (1985); Smith v. United States Postal Serv., 789 F.2d 1540, 1545-46 (Fed.Cir.1986). She has not done so. Indeed, her supervisor testified that his decision would have been the same had he issued it three days later.
 
 
 4
 Nor has Rodriguez shown how the shortened hearing time substantially prejudiced her rights, or that she was prepared at the time to present additional evidence had she had additional hearing time. The record does not support Rodriguez' assertion that she was not given time to cross-examine witnesses.
 
 
 5
 Rodriguez has not shown how the positions of the deciding and concurring officials substantially prejudiced her rights by possibly affecting the agency's decision.
 
 
 6
 Because Rodriguez has not established that the testimony of Mattie Evans and Judith Greenspan was "inherently improbable or discredited by undisputed evidence or physical fact," Hagmeyer v. Department of the Treasury, 757 F.2d 1281, 1284 (Fed.Cir.1985), we cannot overturn the credibility determinations of the presiding official, who heard the witnesses at the hearing and saw their demeanor. Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985); see also Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986).
 
 
 7
 Rodriguez' assertion that she should have been transferred is unavailing. An agency has discretion to demote or remove an employee for unacceptable performance, and neither the board nor this court has authority to disturb that choice. Lisiecki v. Merit Sys. Protection Bd., 769 F.2d 1558, 1568 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1514 (1986).
 
 
 8
 Similarly, the length of a performance improvement period is within the agency's discretion. All that is required is notice of deficient performance and a reasonable opportunity to improve. Martin v. Federal Aviation Admin., 795 F.2d 995, 997 (Fed.Cir.1986). The agency afforded both to Rodriguez.
 
 
 9
 We affirm the board's decision because we do not find that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or that it was obtained without procedures required by law, rule, or regulation having been followed, or that it was unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1982); see Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).