847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie M. GILLIS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3423.
 United States Court of Appeals, Federal Circuit.
 April 7, 1988.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and JACK R. MILLER, Senior Circuit Judge.
 JACK R. MILLER, Senior Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (MSPB), dated April 16, 1987, Docket Nos. AT531D8210722-2 and AT04328210931-2, is affirmed.
 
 OPINION
 
 2
 As set forth in her brief, petitioner makes two contentions, namely: That the performance standards applied to her work product were invalid under the Civil Service Act, being "nothing more than a disjointed series of subjective evaluations ... applied arbitrarily"; and that the Agency failed to provide her with an adequate and reasonable opportunity to improve her work, notice of adverse action having been too short to enable her to improve and work which was evaluated "predated the standards themselves."
 
 
 3
 The Government properly sets forth the limitations of this court's scope of review, citing Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984), and underscoring the deference to be accorded an Agency's judgment with respect to performance-based actions, citing Rogers v. Department of Defense Dependents Schools, 814 F.2d 1549, 1552-53 (Fed.Cir.1987); Martin v. Federal Aviation Admin., 795 F.2d 995, 997 (Fed.Cir.1986); Lisiecki v. MSPB, 769 F.2d 1558, 1564 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1514 (1986).
 
 
 4
 With respect to the first contention, the Government, citing Wilson v. Department of Health & Human Serv., 770 F.2d 1048, 1055 (Fed.Cir.1985), correctly states that work standards--although they must, on balance, be objective--may require some subjective judgment on the part of the evaluators. We are not persuaded that the standards applied to petitioner were, on balance, subjective, inappropriate or arbitrarily applied. Rather, we are persuaded that substantial evidence supports the MSPB's finding that petitioner had an opportunity to ask questions when the standards and critical elements for review were received by her, that she was encouraged to develop her first efforts with her team leaders, and that she "had difficulty meeting the performance standards because she refused to accept constructive criticism and to consult with her supervisors before submitting her first effort."
 
 
 5
 As to petitioner's second contention, we are satisfied that substantial evidence supports the MSPB's finding that petitioner had an adequate and reasonable opportunity to improve her work. She was informed of the written standards on October 28, 1981, which were officially implemented on November 5, 1981. On December 23, 1981, she was counseled on her unacceptable performance and told that a within-grade step increase (for which she became eligible on December 20, 1981) was being withheld--a clear signal that her job could be in jeopardy. We note that 5 C.F.R. Sec. 432.101(a) merely requires that an employee be given (a reasonable) opportunity to improve his or her work. No specific time period is required. Martin v. Federal Aviation Admin., 795 F.2d, 995, 997 (Fed.Cir.1986). Here, we do not disagree with the Board that petitioner was given a reasonable time period to improve.*
 
 
 6
 Petitioner has overlooked that the 120-day period, which she argues must be in effect before the standards can be used to evaluate an employee, is not found in either the Code or the regulations, but in the "Supervisor's Guide for General Performance Appraisal Systems" (hereafter "Supervisor's Guide"), dated October 1980. The Government correctly points out that such a provision is merely an internal guide for supervisors not having the force of law or regulations.
 
 
 7
 Petitioner argues that, apart from the "Supervisor's Guide," her supervisor promised her on November 5, 1981 that the performance standards would be in effect 120 days before they would be used to evaluate her. The Board decision does not even refer to such a promise. To support the existence of the promise, petitioner cites only an exhibit attached to a deposition. We have examined that exhibit and are satisfied that it does not support petitioner's argument. It is a memorandum of a discussion indicating that petitioner was told that the "Supervisor's Guide" "suggests" a 120 day period. That "suggestion" does not prove that a promise was made. Even if it were made, the promise could not support an "estoppel" against the Government. Estoppel requires reasonable reliance to the petitioner's detriment. See, e.g., American Electronic Laboratories v. United States, 774 F.2d 1110, 1113 (Fed.Cir.1985). Here, it could not be "reasonable" for petitioner to perform below minimum standards in reliance on a Government promise not to evaluate her until after 120 days transpired. Nor could the Government be said to have intended to induce such poor performance by means of the promise, another requirement of estoppel. Id.
 
 
 
 *
 The Government points out that on March 23, 1982, more than 120 days after she was informed of her written standards (October 28, 1981), petitioner was notified that her performance was unacceptable and that she was subject to removal. This, too, we consider a reasonable period for petitioner to have brought her performance up to an acceptable level