979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kam Hung LEUNG, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 92-3364.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1992.
 
 Before ARCHER, MICHEL and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Kam Hung Leung petitions for review of the February 3, 1992 Initial Decision of the Administrative Judge (AJ) in Docket No. SF0351920054-I-1, affirming the Department of the Navy's separation of Mr. Leung from his position as a Quality Assurance Specialist through reduction-in-force (RIF) procedures, which decision became the final decision of the Merit Systems Protection Board (Board) on March 10, 1992 when no further administrative action was taken by Mr. Leung or the Board by that date, 5 C.F.R. § 1201.113(c) (1992). We affirm.
 
 DISCUSSION
 
 2
 We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 The RIF regulations provide in pertinent part: "An agency may make exception to the order of release ... when needed to retain an employee on duties that cannot be taken over within 90 days and without undue interruption to the activity by an employee with higher retention standing." 5 C.F.R. § 351.607 (1991). Keith Lomax, who had a lower retention standing than Mr. Leung, was retained under that exception to the order of release, while Mr. Leung was released pursuant to the RIF. Mr. Leung contends on appeal that Leslie Platt, Quality and Reliability Assurance Department Head, understated his skills and experience such that the AJ found the Navy justified in retaining Keith Lomax in Mr. Leung's competitive level while separating Mr. Leung from his position.
 
 
 4
 Ms. Platt testified that the Navy had retained Mr. Lomax in place of Mr. Leung because Mr. Lomax had the training and experience required for an ongoing special project involving composite wing installation. Mr. Leung argues that he had "comparable certification, training, knowledge, & working experience in aircraft components" to perform the work required in the composite wing project within the 90-day replacement time-period established by the regulation. Ms. Platt's testimony states that, based on her knowledge of the project and the safety concerns raised by the work, it was her judgment that people with more experience on the job and particular experience on the wing prototype project were needed for the job and that Mr. Leung would not have been able to rise to that level of work within 90 days.
 
 
 5
 Mr. Leung's contentions challenge the credibility of Ms. Platt's testimony. However, the AJ, as the presiding official who heard the testimony and saw the witness' demeanor, has discretion in determining the credibility of witnesses and weighing the testimony accordingly. See Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Here, the AJ found that there was "no evidence showing that [Mr. Leung] had work experience in composite wing installation, much less, that he had the extensive experience in composite materials required for Mr. Lomax's position." Leung v. Department of the Navy, No. SF0351920054-I-1, slip op. at 3-4 (MSPB Feb. 3, 1992). The AJ's credibility determination is "virtually unreviewable" by our court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (citations omitted). Moreover, there was additional testimony by Ms. Barbara Thomas, Supervisory Personnel Staffing Specialist, who stated that, in the words of the AJ, "even if Mr. Lomax's position was not excepted from release, [Mr. Leung] would still have been released from his competitive level because he held the fifth position from the bottom of the register, and more than five positions in the competitive level were abolished." Leung, slip op. at 3. Consequently, the AJ found the Navy's separation of Mr. Leung to be in accordance with the RIF regulations and, hence, affirmed the Navy's action.
 
 
 6
 This testimony, accepted as credible by the AJ, is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' " and, therefore, constitutes substantial evidence to support the AJ's findings. Ahles v. Department of Justice, INS, 768 F.2d 327, 329 (Fed.Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The AJ's decision was also rational and issued in accordance with procedures required by law. Accordingly, the Board's decision is affirmed.