980 F.2d 745
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herbert J. NELSON, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3358.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1992.
 
 Before MICHEL, PLAGER and LOURIE, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Herbert J. Nelson petitions for review of the Initial Decision of the Administrative Judge (AJ) of the Merit Systems Protection Board (Board) in Docket No. PH0432910715-I-1, upholding the Department of the Army's demotion of Nelson from a supervisory position to a non-supervisory position based on Nelson's unacceptable performance. The AJ's decision became the final decision of the Board when the Board denied review on March 11, 1992. We affirm.
 
 DISCUSSION
 
 2
 Mr. Nelson served as Utility Systems Repairer-Operation Foreman, WS-10, at the Carlisle Barracks of the U.S. Army Garrison, Carlisle, Pennsylvania. Mr. Nelson's job description contained three critical elements focusing, respectively, on implementing a maintenance/repair program for the utility systems, establishing work schedules, and supervising the staff. On January 9, 1991, Mr. Nelson's supervisor, James Lewis, informed Mr. Nelson by letter that his performance was unacceptable in all three critical elements. Mr. Lewis gave Mr. Nelson a 90-day period in which "to demonstrate performance above the unacceptable level as specifically delineated in the written performance standards for [Nelson's] position." On May 20, 1991 Nelson received an "unacceptable/unsatisfactory" summary rating for the April 10, 1990 through April 9, 1991 time period. On May 22, 1991, the Army served Nelson with a notice of proposed removal. On July 2, 1991, the Army informed Nelson that, instead of being removed, he would be demoted from his WS-10 position to the position of Utilities System Mechanic, WG-08. Nelson appealed the Army's decision to the Board on July 23, 1991. The AJ upheld the Army's action.
 
 
 3
 We must affirm the Board's decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988). In addition, when reviewing decisions regarding performance-based actions covered by 5 U.S.C. §§ 4301 et seq., "both the Board and the courts should give deference to the judgment by each agency of the employee's performance in light of the agency's assessment of its own personnel needs and standards." Lisiecki v. Merit Sys. Protection Bd., 769 F.2d 1558, 1562 (Fed.Cir.1985), cert. denied, 475 U.S. 1108 (1986) (quoting S.Rep. No. 969, 95th Cong., 2d Sess. 45 (1978), reprinted in 1978 U.S.C.C.A.N. 2723, 2767).
 
 
 4
 Mr. Nelson appears to argue on appeal that the AJ erred in his decision because: (1) the Army failed adequately to communicate the performance standards for his position, (2) the performance standards lacked specificity, were subjective, and were ambiguous, (3) he did not receive counseling, (4) he was not given an opportunity to improve, and (5) the Army improperly relied on performance that occurred prior to the 90-day performance improvement period. The AJ, however, addressed each of these contentions, and because his findings with respect to each are supported by substantial evidence, they must be upheld.
 
 
 5
 Mr. Nelson's supervisor, James Lewis, testified that after initially developing the standards for the position, he revised them twice at Mr. Nelson's request. In addition, Mr. Lewis stated that Mr. Nelson was offered the opportunity to draw up his own recommended standards but that he did not do so. Furthermore, both the Deputy Director of Installation Support and the Director of Installation Support testified that they reviewed the standards and found them to be, respectively, "reasonable and objective" and "fully acceptable" performance standards for Nelson's position. Finally, civilian personnel also reviewed the standards and found them to be valid. Thus, the AJ found that "the uncontested record establishes that the agency communicated to the appellant the relevant performance elements and standards for his position." Nelson v. Department of the Army, No. PH0432910715-I-1, slip op. at 3 (MSPB November 20, 1991). Moreover, the AJ found that the agency met its burden to establish that the performance standards were "to the extent possible, objective, reasonable, and attainable." Id. at 10 (citing Benton v. Veterans Admin., 37 MSPR 284, 286 (1988)).
 
 
 6
 In addition, the AJ determined that Mr. Nelson was given a 90-day improvement period and that he did receive advice on how his performance could be improved during this period. Mr. Lewis testified that Mr. Nelson often came to him with performance questions and, in support thereof, Mr. Lewis presented a record of counseling notices. The AJ determined that these records indicated that extensive counseling took place. The AJ concluded, therefore, that the agency had provided Mr. Nelson with a reasonable opportunity to improve prior to proposing his removal from the supervisory position. Furthermore, the AJ found that the agency was proper in considering certain incidents of Mr. Nelson's performance that preceded the improvement period because in Brown v. Veterans Admin., 44 MSPR 635 (1990), the Board noted that an agency may consider any performance that occurred within the year preceding the notice of proposed action. Id. at 642 (citing Martin v. Federal Aviation Admin., 795 F.2d 995, 998 (Fed.Cir.1986)).
 
 
 7
 The AJ's decision addressed the arguments presented by both parties and carefully analyzed the evidence presented. Based on that evidence, including extensive testimony from both Mr. Nelson and his direct supervisor, the AJ determined that the Army sustained its charges of unacceptable performance. Although Mr. Nelson disputes certain testimony, the AJ's determinations of the credibility of witnesses are "virtually unreviewable" by this court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). That testimony constitutes substantial evidence because it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ahles v. Department of Justice, INS, 768 F.2d 327, 329 (Fed.Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The AJ's decision is also rational and it and the Army's actions were in accordance with law and procedures required by law. Accordingly, the Board's decision is affirmed.