983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Linda R. WRIGHT, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3356.
 United States Court of Appeals, Federal Circuit.
 Nov. 6, 1992.
 
 Before ARCHER and MICHEL, Circuit Judges, and CARRIGAN, District Judge.*
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Linda Wright petitions for review of the Initial Decision of the Administrative Judge (AJ) of the Merit Systems Protection Board (Board) in Docket No. AT-831E-92-0135-I-1, dismissing as untimely Ms. Wright's appeal from a January 27, 1986 reconsideration decision of the Office of Personnel Management (OPM) that denied her disability retirement benefits, and affirming an October 4, 1991 OPM decision that dismissed her May 18, 1991 application for disability retirement benefits as untimely. The AJ's decision became the final decision of the Board on March 24, 1992 when no further action was taken by Ms. Wright or the Board. We affirm.
 
 DISCUSSION
 
 2
 We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 I. Dismissal of Appeal from Reconsideration Decision
 
 
 4
 Board regulations require that appeals from a reconsideration decision that does not set an effective date be filed within 25 days of the issuance of the decision. 5 C.F.R. § 1201.22(b) (1992). The Board found that Ms. Wright's appeal from OPM's January 27, 1986 reconsideration decision was untimely because, as it was filed more than five years later on October 28, 1991, it did not meet the statutory time requirements. Nevertheless, the Board may waive the time limit if petitioner shows "good reason for the delay." 5 C.F.R. § 1201.22(c) (1992). The Board considered Ms. Wright's testimony that her employing agency did not assist her in filing an appeal. However, the Board found that this testimony did not support a waiver of the time limit in light of the evidence that (1) she filed two appeals with the Board and four appeals with this court since the date of the reconsideration decision at issue in this case, and (2) she wrote letters to OPM regarding her application for disability retirement benefits, in response to which OPM provided her at least three times with notice that its 1986 decision was final and that she could appeal to the Board.
 
 
 5
 Ms. Wright further testified that her filing delay was due to mental incompetence. The Board noted, however, that she had provided no medical evidence to support a conclusion that she was mentally incompetent from January 27, 1986 to October 28, 1991, the time during which she failed to file her appeal. The Board further found that other available evidence--her appeal history and correspondence with OPM discussed above, her return to school in 1988, and the testimony of Mack R. Hicks, Ph.D., concluding, after a psychological examination he conducted on Ms. Wright on January 24, 1992, that she had not at any time been mentally incompetent--weighed against a finding of mental incompetence.
 
 
 6
 After weighing all of the evidence, the Board found that Ms. Wright had not shown good cause for her filing delay. The Board, therefore, dismissed her appeal as untimely. The evidence considered by the Board is certainly " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' " and, therefore, constitutes substantial evidence to support the AJ's findings. Ahles v. Department of Justice, INS, 768 F.2d 327, 329 (Fed.Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 7
 II. Affirmance of Dismissal of Application as Untimely
 
 
 8
 Under federal law, a claim for disability retirement benefits is timely only if the claim is filed with OPM "before the employee ... is separated from the service or within 1 year thereafter." 5 U.S.C. § 8337(b) (1988). Ms. Wright's May 18, 1991 application claimed disability retirement benefits for employment from which she was separated in 1985. See Respondent's Appendix at 17. Thus, the OPM decided on October 4, 1991 that Ms. Wright's application, filed six years after her separation, was untimely. Under the statute, OPM can only waive this time limitation for filing if Ms. Wright was mentally incompetent "at the date of separation from service or within 1 year thereafter." 5 U.S.C. § 8337(b). However, because, as discussed above, the Board found that Ms. Wright had not shown that she was mentally incompetent from the date of her separation to the time of filing this appeal, the Board affirmed the OPM's decision.
 
 III. Ms. Wright's Arguments on Appeal
 
 9
 Ms. Wright argues on appeal that the Board failed to consider age, handicap, illness, marital status, job performance, and medical documentation when rendering its decision. These issues address the merits of Ms. Wright's disability applications and not the timeliness issues. However, the only issues before us on appeal are whether the Board was correct in dismissing Ms. Wright's appeal to the Board of OPM's January 27, 1986 reconsideration decision and whether the Board was correct in affirming OPM's October 4, 1991 decision. Consequently, the merits of Ms. Wright's applications are not before us in this appeal and we can make no determinations with respect to them.
 
 IV. Conclusion
 
 10
 Because the Board's decision dismissing Ms. Wright's appeal from OPM's January 27, 1986 reconsideration decision and affirming OPM's October 4, 1991 decision is supported by substantial evidence, rational, not an abuse of discretion, and was issued in accordance with law and procedures required by law, and because we cannot address Ms. Wright's contentions on the merits, the Board's decision is affirmed.
 
 
 
 *
 Honorable Jim R. Carrigan, District Judge, District of Colorado, sitting by designation