983 F.2d 1088
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bernard T. CAMPBELL, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3454.
 United States Court of Appeals, Federal Circuit.
 Nov. 17, 1992.
 
 Before ARCHER, MICHEL and LOURIE, Circuit Judges.
 MICHEL, Circuit Judge.
 
 DECISION
 
 1
 Bernard T. Campbell petitions for review of the January 9, 1992 Initial Decision of the Administrative Judge (AJ) of the Merit Systems Protection Board (Board) in Docket No. SF831M920171-I-1, affirming the Office of Personnel Management's (OPM's) reconsideration decision declining to waive repayment by Campbell of an overpayment of his civil service annuity in the amount of $1,925. The decision became the final decision of the Board on April 23, 1992 when the Board denied Mr. Campbell's petition for review. We affirm.
 
 DISCUSSION
 
 2
 We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 It is undisputed that when Mr. Campbell became eligible for Social Security benefits on November 1, 1990, federal law required a reduction of his monthly civil service annuity benefits, which he had been receiving since September 8, 1979. It is also undisputed that OPM overpaid Mr. Campbell a total of $1,925 prior to discovering his eligibility for Social Security benefits and the need to reduce his monthly civil service annuity benefits.
 
 
 4
 The federal statute relating to overpayment of federal government employee retirement benefits states in pertinent part:
 
 
 5
 Recovery of payments under this subchapter may not be made from an individual when, in the judgment of the Office of Personnel Management, the individual is without fault and recovery would be against equity and good conscience.
 
 
 6
 5 U.S.C. § 8346(b) (1988) (emphasis added). Thus, OPM has discretion in deciding what constitutes "fault," "equity," and "good conscience." OPM has promulgated regulations setting forth its waiver standards, see 5 C.F.R. § 831.1401 et seq. (1992), and has published policy guidelines for deciding what constitutes waiver conditions, see Retirement and Insurance Group, U.S. Office of Personnel Management, Policy Guidelines on the Disposition of Civil Service Retirement Overpayments (1987) (OPM guidelines).
 
 
 7
 Mr. Campbell bore the burden to establish by substantial evidence that he was eligible for waiver. See 5 C.F.R. § 831.1407. Although OPM acknowledged that Mr. Campbell was without fault, the regulations additionally require that Mr. Campbell show that: (1) repayment would cause him financial hardship, (2) due to the payment made he "has relinquished a valuable right or changed positions for the worse," or (3) recovery of the overpayment "could be unconscionable under the circumstances." 5 C.F.R. § 831.1403.
 
 
 8
 One way for Mr. Campbell to prove financial hardship is to show that he "needs substantially all of his ... current income and liquid assets to meet current ordinary and necessary living expenses and liabilities." 5 C.F.R. § 831.1404. Mr. Campbell failed to submit a Financial Resources Questionnaire (FRQ) to the OPM. However, Mr. Campbell did submit an FRQ to the Board. Based upon that evidence, the AJ found that Mr. and Mrs. Campbell had no liquid assets above $5,000 available for repayment and that most of the Campbell's expenses to which their monthly income went were ordinary and necessary expenses under the OPM guidelines. However, the AJ found that one item on the expense list--$400 per month for church donations--did not qualify under the waiver standards and the OPM guidelines. Although the AJ noted that Mr. Campbell had produced no evidence proving that he made these donations, the AJ concluded that even if Mr. Campbell had made the donations, such charitable donations were "not normally considered to be ordinary and necessary expenses" under the OPM guidelines. Campbell v. Office of Personnel Management, No. SF831M920171-I-1, slip op. at 3 (MSPB Jan. 9, 1992) (citing OPM guidelines § I.D.7.). Allowing $50 of that $400 for unexpected expenses, per OPM guideline § I.D.9., the AJ found that Mr. Campbell still had enough income to make the $124.40 per month installment repayment without financial hardship. The AJ therefore affirmed the OPM's reconsideration decision, denying Mr. Campbell's request for waiver of repayment.
 
 
 9
 Mr. Campbell further argued before the AJ, apparently under 5 C.F.R. § 831.1403(a)(2) and/or (3), that he lost $4,381 in Social Security benefits because he was misinformed about his eligibility for those benefits and, therefore, he should not have to repay the overpayment made by OPM. However, the AJ found that Mr. Campbell suffered no long-term financial loss as a result of his late application for Social Security benefits. The AJ based this finding on actuarial statistics and relevant case law applying such statistics to the payment of Social Security benefits.
 
 
 10
 The evidence supporting the AJ's findings regarding both the Campbell's church donations and Mr. Campbell's Social Security benefits losses amounts to " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' " and, therefore, constitutes substantial evidence to support the AJ's findings. Ahles v. Department of Justice, INS, 768 F.2d 327, 329 (Fed.Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). The AJ's decision was also not arbitrary, capricious, or an abuse of discretion and was entered in accordance with law and with procedures required by law. Accordingly, the Board's decision is affirmed.