988 F.2d 131
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elvira SELLMAN, Petitioner,
v.
DEPARTMENT OF THE AIR FORCE, Respondent.
 No. 92-3354.
 United States Court of Appeals, Federal Circuit.
 Jan. 21, 1993.
 
 MSPB
 AFFIRMED.
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Elvira Sellman appeals from the September 25, 1991 decision of the Administrative Judge (AJ) of the Merit Systems Protection Board (Board) in Docket No. DE04329110320, affirming an action by the Department of the Air Force (Air Force or agency) removing her for unsatisfactory performance. The AJ's decision became the final decision of the Board when the Board denied review on February 27, 1992. We affirm.
 
 DISCUSSION
 
 2
 We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988).
 
 
 3
 Ms. Sellman argues on appeal that the performance standard for Critical Element 1 was invalid because it was "nothing but a list of tasks Ms. Sellman was to perform rather than a statement of quantitative or qualitative expectations she was to satisfy in order to be rated 'met.' " She claims, therefore, that her removal for unsatisfactory performance under this critical element was unlawful.
 
 
 4
 The AJ acknowledged that the three performance components under which Ms. Sellman's performance was evaluated were flawed because "[t]hey merely describe various tasks which the appellant was to perform but do not state how that performance of those tasks was to be evaluated." Sellman v. Department of the Air Force, No. DE04329110320, slip op. at 4 (M.S.P.B. September 25, 1991). The AJ found, however, that these flaws were cured by Major Gary M. Lawless, Ms. Sellman's supervisor, when he provided Ms. Sellman with written and oral instructions setting forth his expectations of her during the performance improvement period (PIP). The AJ based this finding on a variety of factors, including: (1) Major Lawless had specifically informed Ms. Sellman in the letter placing her on the PIP (the PIP letter) that her failure to present adequately the budget information at Financial Management Board (FMB) meetings had resulted in her unsatisfactory performance rating; (2) in the PIP letter, Major Lawless had assigned Ms. Sellman the task of presenting such budget data at the three FMB meetings scheduled during the PIP; (3) Major Lawless, in the PIP letter, had also "tasked" Ms. Sellman with meeting with him two days prior to each FMB meeting to review her planned presentation; (4) Major Lawless had given undisputed testimony that the FMB presentations were a proper forum in which to give Ms. Sellman an opportunity to satisfy the performance components' requirements; and (5) Ms. Sellman had admitted in her testimony that she knew what information she needed to prepare for the meetings and that she knew if she failed to make adequate presentations she would receive an unacceptable performance rating for Critical Element 1 during the PIP.
 
 
 5
 The AJ, as the presiding official who heard the testimony and saw the witness' demeanor, has discretion in determining the credibility of witnesses and weighing the testimony accordingly. See Griessenauer v. Department of Energy, 754 F.2d 361, 364 (Fed.Cir.1985). Thus, any credibility determinations made by the AJ are "virtually unreviewable" by our court. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986) (citations omitted). The testimony mentioned above, accepted as credible by the AJ, and the contents of the PIP letter relied on by the AJ are " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion' " and, therefore, constitute substantial evidence to support the AJ's finding. Ahles v. Department of Justice, INS, 768 F.2d 327, 329 (Fed.Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Our review of the AJ's decision reveals no other error. Accordingly, the Board's decision is affirmed.