**Wesley MARTIN, Petitioner,**

v.

**FEDERAL AVIATION ADMINISTRATION, Respondent.**

**Appeal No. 86–526.**

United States Court of Appeals, Federal Circuit.

July 15, 1986.

David Schlachter, Schlachter and Mauro, Commack, N.Y., argued, for petitioner.

Linda Maramba, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Sandra P. Spooner and Stephen McHale, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., were on brief, for respondent.

Before NEWMAN, BISSELL and ARCHER, Circuit Judges.

BISSELL, Circuit Judge.

Petitioner Martin seeks review of a final decision of the Merit Systems Protection Board (Board), Docket No. NY04328510133, sustaining his removal for unacceptable performance. We affirm.

## BACKGROUND

In April 1983, Martin was hired by the Federal Aviation Administration (agency) as a Realty Specialist, GS–11. The agency issued to Martin in June 1984 a letter of warning of unacceptable performance and Martin was allowed ninety days in which to improve his performance. On October 17, 1984, the agency issued a notice of proposed removal charging Martin with three instances of unacceptable performance un-

der one critical element of his job and four instances of unacceptable performance under another critical job element. Martin was removed effective November 19, 1984.

## OPINION

Martin asserts both procedural and substantive errors by the agency in effecting his removal.

■ This court's scope of review is limited by 5 U.S.C. § 7703(c). We affirm a decision of the Board sustaining the dismissal of a federal employee if the "decision complies with the applicable statute and regulations and [if] it has a rational basis supported by substantial evidence from the record taken as a whole." *Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). This court's role is further circumscribed when reviewing a performance-based action taken under Chapter 43 of Title 5 of the United States Code. As the court stated in *Lisiecki v. Merit Systems Protection Board*, 769 F.2d 1558, 1562 (Fed.Cir.1985) (quoting S.Rep. No. 969, 95th Cong., 2d Sess. 10 (1978) U.S. Code Cong. & Admin.News 1978, p. 2723):

both the Board and the courts should give deference to the judgment by each agency of the employee's performance in light of the agency's assessment of its own personnel needs and standards.

■ If the error was procedural in nature, it is well settled that petitioner is required to demonstrate that the asserted procedural error was harmful. *Handy v. United States Postal Service*, 754 F.2d 335, 337–38 (Fed.Cir.1985). If the error was substantive, the agency's action will not be sustained. *Wilson v. Department of Health and Human Services*, 770 F.2d 1048, 1054 (Fed.Cir.1985).

■ The requirements incumbent upon an agency in effecting a proper Chapter 43 removal or demotion action are to set up an approved performance appraisal system, communicate the written performance standards and "critical elements" of an employee's position to the employee at the beginning of the appraisal period, warn of inade-

quacies in "critical elements" during the appraisal period, and counsel and afford an opportunity for improvement after proper notice. *Lovshin v. Department of the Navy*, 767 F.2d 826, 834 (Fed.Cir.1985) (in banc), *cert. denied*, — U.S. —, 106 S.Ct. 1523, 89 L.Ed.2d 921 (1986). If those requirements have been satisfied, "an agency may reduce in grade or remove an employee for receiving a rating of 'unacceptable' *with respect to even a single* 'critical element'." *Id.* (emphasis in original).

### I

The first error alleged to have been committed by the agency in removing Martin is that he was denied a reasonable opportunity to demonstrate acceptable performance. Martin contends this right is a substantive statutory one, citing *Sandland v. General Services Administration*, 23 M.S.P.R. 583 (MSPB 1984). In that case, the Board concluded:

Based on the statute, the implementing regulations and the legislative history, we find that an employee's right to a reasonable opportunity to improve is a substantive right; indeed, it is one of the most important rights, benefiting both the employee and the agency, in the entire Chapter 43 appraisal scenario.

... The agency's evidentiary burden, therefore, includes proof that the safeguard provided by 5 U.S.C. Section 4302(b)(6), the only substantive right identified by OPM as a principal statutory requirement, and a necessary prerequisite for all actions brought under Chapter 43, was properly afforded.

*Id.* at 590.

■ Martin's contention that he was not afforded "the statutory right to a reasonable opportunity to demonstrate acceptable performance" is without merit. There is no required specific time period to demonstrate improvement. All that is required is notice of deficient performance and a reasonable opportunity to improve. *See* 5 U.S.C. § 4303; *Lovshin*, 767 F.2d at 834. The presiding official's findings that Martin "was given an opportunity to improve his performance prior to the initiation of

the adverse action against him" and that the ninety-day period given to Martin "was sufficient opportunity to demonstrate acceptable performance" are supported by substantial evidence.

As part of this argument Martin alleges that the agency failed to provide him adequate training, failed to consider his improved performance during the notice period, and erroneously focused on his pre-notice period conduct in its removal charges. We do not reach the issue whether any of these contentions would have been substantive, because we hold that no error was committed.

As to training, the presiding official found that Martin's prior experience with another federal agency qualified him for a GS–11 position. He was given on-the-job training and was provided needed assistance from a senior specialist until Martin requested that the assistance cease because he understood the basics of his job. Martin was furnished handbooks, checklists, and other written materials on handling cases, attended formal courses in his field of specialty, and declined attendance at at least one other course on the basis that he did not need the training. Based on the foregoing, Martin's contention that he was given minimal instruction as to agency policies, practices, and procedures is rejected.

Martin next contends that his performance improved during the ninety-day notice period. This, too, is meritless. In several of the instances, the unacceptable performance occurred after the notice of unacceptable performance was issued. As the presiding official found:

> It is unlikely that the appellant could have closed all of his cases during the ninety days for improvement, but he had an opportunity to bring his cases up to date and, through diligent action, resolve some of his cases. I find that the ninety days given to the appellant was sufficient opportunity to demonstrate acceptable performance.

Pet. Brief at 24a.

■ Lastly, it is irrelevant that many of the charges in the notice of proposed removal were based upon unacceptable performance which occurred prior to the date of the notice of deficient performance. The statute clearly provides that a removal decision may be based upon instances of unacceptable performance "which occurred *during the 1-year period ending on the date of notice [of the proposed removal]."* 5 U.S.C. § 4303(c)(2)(A) (emphasis added). Thus, reliance upon any incidents of unacceptable performance which occurred from October 17, 1983, through October 17, 1984, was entirely proper.

## II

■ The second alleged error committed by the agency in effecting Martin's removal is that the failure by the agency to provide performance reviews in accordance with paragraphs 14 and 22a of FAA Order 3400.13 constituted harmful procedural error.

Paragraph 14 of FAA Order 3400.13 provides that supervisors are required to conduct three appraisals during the appraisal period, the first being at the beginning of the period, the second at the end of the first six months and the final one during the last sixty days of the appraisal period.

The record clearly demonstrates that more than three performance appraisal interviews were conducted during the appraisal period: the first in September 1983, shortly after which, in October or November 1983, Martin was issued a copy of his performance standards for comment; again in January 1984, and in April 1984, twice in June 1984, and finally in September 1984 after Martin's ninety-day improvement period had expired. Thus, the finding of the presiding official that "the agency did conduct the quarterly reviews with [Martin] that were required under agency regulations" is supported by substantial evidence.

■ Martin's contention that these reviews were not "quarterly reviews" as envisioned by the agency regulations appar-

ently stems from a failure of proper documentation. Paragraph 22a of FAA Order 3400.13 provides that the results of "periodic meetings between the employee and the supervisor during the appraisal period must be documented and a copy provided to the employee." While it does appear that not all of the quarterly appraisals may have been documented properly, a failure solely of documentation—as opposed to not conducting the appraisals in fact—constitutes a procedural error. Martin is required to demonstrate that the procedural error was harmful. *Handy v. United States Postal Service*, 754 F.2d 335, 337–38 (Fed.Cir.1985). Martin has not shown how he has been harmed by the error. *See Mercer v. Department of Health and Human Services*, 772 F.2d 856 (Fed.Cir.1985).

Accordingly, we affirm.

AFFIRMED.