847 F.2d 841
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Peter MACIJAUSKAS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3538.
 United States Court of Appeals, Federal Circuit.
 April 15, 1988.
 
 Before RICH, DAVIS and NIES, Circuit Judges.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Peter Macijauskas seeks review of the final decision of the Merit Systems Protection Board, Docket No. NY04328610576, sustaining the Department of the Army's decision to remove him from his position as a Computer Operator for unacceptable performance. We affirm.
 
 OPINION
 
 2
 Macijauskas's first argument, that the board could not review the Administrative Judge's (AJ's) initial decision because the agency's petition for review did not allege material factual inconsistencies in that decision and was insufficiently specific to warrant a review of the record, is without merit. We are unpersuaded that the board abused its broad discretion in undertaking review. 5 C.F.R. Sec. 1201.115 (1987) ("Board may grant a petition") is written in discretionary terms and cannot be read to impose a limitation on the board's authority.
 
 
 3
 Macijauskas argues that the board erred in giving no weight to the AJ's credibility determinations. Although the board must show due deference to the AJ's findings on credibility, Jackson v. Veterans Admin., 768 F.2d 1325, 1331 (Fed.Cir.1985), such deference is inapplicable when the AJ's findings are unexplained. Id. at 1330 ("board has the power in appropriate cases to substitute its judgment for that of the presiding official with respect to the credibility of witnesses."). The absence of specific credibility findings renders this an "appropriate case" for the board's independent review of the evidence.
 
 
 4
 Macijauskas next argues that the board's finding that he was given a bona fide opportunity to demonstrate acceptable performance is not supported by substantial evidence. The agency's witnesses so testified, their testimony was consistent, and Macijauskas's supervisor had made notes summarizing his counseling sessions. In view of this oral and documentary evidence and the AJ's finding that Macijauskas's performance was deficient in two critical areas, the board's finding is reasonable that Macijauskas's testimony, asserting he received no counseling and had no performance problems, was incredible. See, e.g., Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951) (substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). The standard of review does not direct or permit this court to decide which of the two decisions, the AJ's or the board's, is "more reasonable." As long as substantial evidence supports the board's decision, we must affirm. Cf. Fischer & Porter Co. v. United States Int'l Trade Comm'n, 831 F.2d 1574, 1577, 4 USPQ2d 1700, 1701-02 (Fed.Cir.1987).
 
 
 5
 Finally, Macijauskas's assertion that the agency's training was inadequate is meritless. Macijauskas received individual counseling on his specific problems and errors from his supervisor weekly during the opportunity period. A coworker met with Macijauskas to assist him on three occasions, and offered assistance at any time. Moreover, formal courses were available, although Macijauskas failed to take advantage of them. Macijauskas also had over twenty-five years of experience in the computer field. See Martin v. Federal Aviation Admin., 795 F.2d 995, 998 (Fed.Cir.1986).
 
 
 6
 We have considered each of Macijauskas's arguments. Under our statutorily prescribed scope of review, 5 U.S.C. Sec. 7703(c) (1982), the board's final decision is affirmed.