856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Barbara TAYLOR, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 87-6253.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr. and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The widow of a former employee of the Social Security Administration here challenges the agency's decision to discharge her late husband. Plaintiff contends that the discharge was not in accordance with the applicable statutes and regulations, and that the discharge was impermissibly discriminatory. A hearing officer of the Merit Systems Protection Board upheld the discharge, as did the district court. We see no reason to disagree with their conclusion that the discharge was not improper.
 
 
 2
 * Plaintiff's decedent, Thomas N. Taylor, was a 20-year federal employee at the time of his discharge. The last 10 of those years were spent as a Social Security claims representative reviewing applications for social security insurance benefits.
 
 
 3
 Pat Ryan became Mr. Taylor's supervisor in November of 1982. Conducting an "end-line" review of adjudicated cases on which Mr. Taylor had worked, she determined that he was making a significant number of errors. On April 15, 1983, she issued him a notice of poor performance and placed him on a Performance Improvement Plan ("PIP"). The plan gave Mr. Taylor 100 days to improve his performance, and he was to be provided with feedback and counseling during that time. The duration of the plan was subsequently extended an additional 60 days.
 
 
 4
 On July 1, 1983, Ms. Ryan issued a memorandum providing numerical indicators to aid in the evaluation of employee performance. She developed these indicators primarily for Mr. Taylor, but they were applied to all employees under her supervision.
 
 
 5
 The performance of an employee of the Social Security Administration is determined by reference to critical elements of the job, known as "generic job tasks" or "GJTs." A claims representative is rated on eight non-sequentially numbered GJTs. (At issue in this case are two GJTs as to which Mr. Taylor's performance was considered deficient: GJT 1 ("adjudication of claims") and GJT 20 ("develops claims").) Ms. Ryan's memo of July 1, 1983, attempted to set forth quantitative measures for the GJTs. She listed two primary factors for evaluating performance of GJT 1, those being "payment accuracy" and "processing time". The primary factor listed under GJT 20 was "documentation accuracy".
 
 
 6
 Mr. Taylor's performance did not improve over the 160 days of the PIP, and on October 17, 1983, he was given a notice of proposed discharge. The notice listed 15 instances in which he had made payment errors, and it stated that he had made 22 such errors in 125 claims adjudicated during the review period. The notice referred to biweekly review sheets, given to Taylor during the PIP, which documented all of the alleged errors. The notice told Mr. Taylor of his right to review the materials upon which the proposed action was based.
 
 
 7
 On December 12, 1983, Mr. Taylor was notified that he would be discharged as of January 13, 1984. This notice incorporated by reference the notice of proposed discharge, but did not repeat the specific instances of error in extenso.
 
 
 8
 Mr. Taylor appealed his discharge to the Merit Systems Protection Board, and his case was heard by a hearing officer (the "presiding official.") That official rejected the claim. The full Board refused review, and this action was commenced in the district court. The case was originally referred to a magistrate, who upheld the decision of the presiding officer. After de novo review by the district court, the magistrate's opinion was adopted as that of the district court. This appeal followed.
 
 II
 
 9
 Plaintiff's primary argument is that the agency did not apply an "approved appraisal system." Plaintiff concedes that the GJT system is such a system, but she argues that Ms. Ryan turned it into something else when she issued her memo regarding numerical indicators. These "indicators," plaintiff argues, were absolute standards by which the agency determined whether it would discharge or retain an employee.
 
 
 10
 In support of this argument, plaintiff points to the presiding official's decision as to whether Mr. Taylor's performance was substandard in the GJT 20 area. Ms. Ryan's memo set forth a 60 percent accuracy rate as the minimally acceptable rate of documentation error with respect to GJT 20. Mr. Taylor's error rate was such that if he had made one less error he would not have fallen below 60 percent. The presiding official determined that one of the errors attributed to Mr. Taylor was not fairly characterized as an error.
 
 
 11
 The presiding official rejected the contention that the numerical indicators constituted a modification of the GJT appraisal system. His factual determination is binding on us if it is supported by substantial evidence. Warren v. Dep't of the Army, 804 F.2d 654, 656 (Fed.Cir.1986). Both Pat Ryan and John Walter, the district manager, testified that the numerical indicators were no more than what they purported to be--guidelines for evaluating performance of GJTs. Ms. Ryan testified that the evaluation process was judgmental and required consideration of timeliness, the nature of errors, and the amount of improvement and effort.
 
 
 12
 There is some force to plaintiff's argument that errors under GJT 20 were evaluated by a purely quantitative measure; Ms. Ryan testified that she would not discharge an employee who met the minimally acceptable percentages suggested for documentation error under that GJT. Ms. Ryan did not testify, however, that she would not discharge an employee who met the minimally acceptable percentages for errors in "payment accuracy" under GJT 1, the "adjudication of claims" GJT. Such a distinction makes sense; the "adjudicates claims" GJT reflects actual awards and denials of benefits, whereas the "develops claims" GJT does not. Errors in documenting a claim are not necessarily as serious as errors in adjudicating it, and the reasons for mistakes in adjudicating a claim are in many ways as important as the number of mistakes made. Although the record arguably indicates that Ms. Ryan went too far with regard to GJT 20, therefore, substantial evidence supports the presiding official's determination that she did not do so as to GJT 1. Thus we need not address plaintiff's argument that if the numerical indicators for GJT 1 had affected a modification of the performance appraisal system, the modification created an improper system as a matter of law. See 5 U.S.C. Sec. 4302(b)(1); Baker v. Defense Logistics Agency, 782 F.2d 1579, 1583 (Fed.Cir.1986).
 
 
 13
 Plaintiff's next argument is that the agency failed to give Mr. Taylor proper notice of his unacceptable performance because it cited only 15 examples in the notice of proposed discharge and did not cite any examples in the notice of discharge itself. Plaintiff also argues that the agency ought to have adduced testimony as to what errors Mr. Taylor made, because counsel for the plaintiff stated at the hearing that plaintiff contested some of the 25 alleged errors.
 
 
 14
 Plaintiff's arguments founder on the test for whether notice is sufficiently specific: the notice must be such as to give an employee a fair opportunity to make an informed reply to a proposed action. 5 U.S.C. Sec. 4303(b)(1)(A), (D); Shorter v. Dep't of the Air Force, 28 MSPR 662 (August 21, 1985). During the PIP, biweekly review sheets kept Mr. Taylor fully informed of the errors he was making. Reference was made to these review sheets in the "notice of proposed action," and the notice of proposed action set forth 15 specific examples and informed Mr. Taylor he could review the documentation. The "notice of action" incorporated the notice of proposed action by reference. Substantial evidence clearly supports the presiding official's determination that Mr. Taylor received such notice as would permit him to make an informed reply.
 
 
 15
 Plaintiff also challenges the statistical base upon which the accuracy of Mr. Taylor's performance was determined, pointing to the exclusion of some errorless cases and the inclusion of errors from others. As to the excluded cases, they were excluded in part because Mr. Taylor suggested that they not be included. These cases involved skeletal applications and revealed nothing about Mr. Taylor's performance; they merely required completion of a form. As to the errors allegedly included improperly, they involved inputting information onto a computer form that generated the payment of benefits; errors on the form resulted in errors in payment. It is undisputed that Mr. Taylor was supposed to know how to complete the form. Neither the challenged exclusions nor the challenged inclusions warrant disturbing the presiding official's decision.
 
 
 16
 Plaintiff's attack on the statistical base seems to be predicated on her argument that the numerical indicators were more than what they purported to be. As we have said, the evaluation under GJT 1 remained a subjective one, and we consider this part of Ms. Ryan's testimony dispositive. She testified that Mr. Taylor's errors were routine, that he did not make suggestions on how he could improve, and that he did not request help. She believed that his errors were due to lack of care. Mr. Taylor was given 160 days in which to improve, and he failed to improve.
 
 
 17
 Plaintiff has failed to demonstrate a lack of support in the record for the determination that Mr. Taylor's performance under GJT 1 was substandard. Because he need only have performed deficiently in one critical element of his job, 5 U.S.C. Secs. 4301(3) and 4303, Martin v. Federal Aviation Administration, 795 F.2d 995, 997 (Fed.Cir.1986), Mr. Taylor's inadequate performance in GJT 1 justified the agency's action.
 
 
 18
 Plaintiff's last argument is that Mr. Taylor was discriminated against because he was handicapped and/or because of his race. As the presiding official noted, the record provides no support for this argument.
 
 
 19
 The judgment of the district court is AFFIRMED.