892 F.2d 1050
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sheila A. SCOTT, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 89-3256.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1989.
Suggestion for Rehearing In Banc Declined Jan. 4, 1990.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RICHARD MILLS, Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Sheila A. Scott appeals from the April 14, 1989, decision of the Merit Systems Protection Board (board), Docket No. PH04328910083, holding that Scott was properly removed from her position with the Department of the Army (agency) because of unacceptable performance in a critical element of her position. We affirm.
 
 OPINION
 
 2
 Our review of the board's decision is limited to whether the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC 7703(c) (1988).
 
 
 3
 We find no merit in Scott's various allegations of error by the board. The agency's failure to give Scott a performance appraisal (i.e., rating) is irrelevant; all that is required is that the performance standards and critical elements be communicated to Scott at the beginning of the appraisal period, and that she be warned of inadequacies in critical elements during the appraisal period. See Martin v. Federal Aviation Administration, 795 F.2d 995, 997 (Fed.Cir.1986). Substantial evidence supports the board's findings that these requirements were met in Scott's case.
 
 
 4
 The fact that Scott was a career conditional employee not subject to a probationary period is also irrelevant. Career conditional employees are subject to removal for unacceptable performance. See 5 USC 4301(2) (1988). While Scott was initially erroneously classified as a probationary employee, her classification was corrected before her dismissal and she was dismissed using procedures which were satisfactory for career conditional employees.
 
 
 5
 Scott's argument that she was given additional duties when she returned to work on August 1, 1988, is not persuasive since any additional duties assigned were clearly within the scope of the job requirements.
 
 
 6
 With respect to Scott's admission before the MSPB that she made only certain errors, the board's conclusion that Scott's performance was unacceptable is supported by substantial evidence other than her testimony. The board specifically found the testimony of Grass, McConnell, and Tucker more credible than that of Scott, and such credibility determinations are entitled to great deference. Hambsch v. Department of Treasury, 796 F.2d 430 (Fed.Cir.1986).
 
 
 7
 Scott argues that the board did not adequately investigate her many prior years of government experience. First, the board did recognize that Scott had many years of experience. Further, any additional evidence along this line would have been of only marginal relevance in view of the fact that Scott's current performance was found to be wholly unacceptable.
 
 
 8
 With respect to Scott's argument that she was not given adequate counselling, and in particular was not given the opportunity to enter the employee assistance program, the board specifically found to the contrary, and we find no error in this finding.
 
 
 9
 Finally, with respect to Scott's complaint that the board refused to hear certain witnesses, Scott has provided no details of what the additional testimony would be or how it would buttress her case. See Tiffany v. Department of Navy, 795 F.2d 67 (Fed.Cir.1986). Furthermore, there is no evidence of record that Scott requested the board to call these witnesses and arrange for their presence at the hearing. See Yanopoulos v. Department of Navy, 796 F.2d 468 (Fed.Cir.1986).
 
 
 10
 The board correctly recognized the elements necessary for an unacceptable performance action. See Martin, 795 F.2d at 997. The board's findings with respect to each element of the action as applied to Scott is supported by substantial evidence. In addition, the board considered the affirmative defense of retaliation, but found no connection between the alleged retaliation and the action under review. This finding is also supported by substantial evidence.
 
 
 
 *
 Honorable Richard Mills, District Judge, United States District Court for the Central District of Illinois, sitting by designation