31 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tracey F. EACHUS, Petitioner,
v.
DEPARTMENT OF INTERIOR, Respondent.
 No. 94-3001.
 United States Court of Appeals, Federal Circuit.
 July 1, 1994.
 
 Before ARCHER, Chief Judge, RICH and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Tracey F. Eachus appeals the decision of the Merit Systems Protection Board (board), Docket Nos. DE0432930140I1, DE531D930132I1, sustaining the Department of Interior's (Interior or agency) action withholding her within grade pay increase and removing her from her position as a secretary with that agency.[1] We affirm.
 
 DISCUSSION
 
 2
 Eachus was employed as a secretary in the Bureau of Reclamation under the supervision of Tom Luebke. In February 1992, shortly after becoming Eachus' supervisor, Luebke met with Eachus for a mid-year performance discussion regarding her Employee Performance Plan ("EPP"). Eachus' EPP identified "Preparation of Correspondence, Reports and Forms" and "Mail Processing" as being critical elements of her employment. The performance standard in her EPP for document preparation allowed that "[a] few typographical, format, grammatical, or punctuation errors are acceptable on drafts." Luebke told Eachus that her performance regarding these elements was unacceptable.
 
 
 3
 On May 27, 1992 Luebke met with Eachus again and gave her verbal notice that she was on a thirty day informal performance opportunity period because he considered her performance in the critical areas of document preparation and mail processing to remain unacceptable.
 
 
 4
 In July 1992, after determining that Eachus' performance remained unacceptable, Luebke notified Eachus that he would delay her annual performance rating to provide her with a formal performance opportunity period. On September 2, 1992 Luebke provided Eachus with a memorandum describing the terms of her formal performance opportunity period. The memorandum described why he found her prior performance unacceptable, what performance standards were at issue, clarification of the standards where necessary, a description of Eachus' actual performance, and what she must do to improve her performance to an acceptable standard. The clarifications in the memorandum defined a "few errors" as meaning "not more than one per 2 pages of the draft." For her performance to be considered acceptable, Eachus had to be within this tolerance 95% of the time. The clarifications also required that she deliver the mail three times a day within prescribed periods of time.
 
 
 5
 Eachus became eligible for a within grade increase on September 6, 1992. Luebke denied the increase because her performance was unacceptable. At the end of the formal performance opportunity period, Luebke determined that Eachus had failed to meet both the document preparation and mail processing standards acceptably. Luebke denied Eachus' request for an additional thirty day period and proposed removing her from federal service under 5 U.S.C. Sec. 4303(a) because her performance failed to meet two of the critical elements of her EPP. Luebke's proposal was accepted and Eachus was removed from federal service on January 1, 1993.
 
 
 6
 Eachus appealed the removal and the denial of her within grade increase to the board. Eachus alleged, among other things, that the clarifications Luebke made to her performance standards impermissibly changed her substantive performance standards. The administrative judge disagreed. In the administrative judge's view the specific numerical goals required of Eachus were just clarifications of standards that might otherwise be ambiguous. Although the administrative judge acknowledged that Luebke did overestimate the number of errors committed under these standards, he affirmed the agency action because the number of errors as properly calculated still exceeded the standards for two of the critical elements.
 
 
 7
 When the board reviews an agency's decision to remove an employee for unacceptable performance, the board must sustain the agency's action if the agency's determination is supported by substantial evidence. 5 C.F.R. Sec. 1201.56(a)(i). We review the board's decisions under a similarly narrow standard of review. We must affirm the decision of the board unless it is demonstrated to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c).
 
 
 8
 Under our standard of review we must affirm the decision of the board. The board's findings are supported by substantial evidence. Eachus failed not one but two of the performance standards contained in her EPP, which itself had been approved by the Office of Personnel Management. Unacceptable performance in just one critical element is grounds for removal. Martin v. Federal Aviation Administration, 795 F.2d 995, 997 (Fed.Cir.1986). The record also demonstrates that the agency properly followed its employee removal procedure by informing Eachus of her unacceptable performance, giving her a reasonable opportunity to remedy the problems, assisting her in clarifying the problem areas, and identifying what would happen if she failed to rectify the situation. See 5 C.F.R. Sec. 432.104.
 
 
 9
 We have reviewed the other arguments made by Eachus on appeal, including the alleged improper behavior by the administrative judge, and find they have no merit. Accordingly, we affirm the decision below.
 
 
 
 [1]
 The May 4, 1993 initial decision of the administrative judge became the final decision of the board on September 1, 1993, when the board denied Eachus' petition for review