NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3094

ROBERTO BORREGO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Lorenzo W. Tijerina, of San Antonio, Texas, for petitioner.

Jane W. Vanneman, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.  Of counsel was Sameer P. Yerawadekar, Trial Attorney.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3094

ROBERTO BORREGO,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,

Respondent.

Petition for review from the Merit Systems Protection Board in DA-0752-07-0229-I-1.

_____

DECIDED: October 15, 2008

_____

Before MAYER, FRIEDMAN, and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Roberto Borrego ("Borrego") petitions for review of a decision of the Merit Systems Protection Board ("MSPB") affirming his removal as a border patrol agent within the Department of Homeland Security ("agency"). We <u>affirm</u>.

BACKGROUND

On January 30, 2004, while off duty, Borrego and his two children were shopping at the Sam's Club store in McAllen, Texas, when store security personnel observed him shoplifting approximately $96.00 worth of merchandise. Borrego was arrested and charged with theft, a class B misdemeanor pursuant to the Texas Penal Code. The criminal charge was later dismissed by the state court.

At the time of this incident, petitioner Borrego was employed by the Department of Homeland Security as a Senior Border Patrol Agent, with eight years of service. Borrego admitted to shoplifting at Sam's Club on January 30, 2004.

On September 11, 2006, the agency's discipline review board proposed removing Borrego from his position for the charge of "conduct unbecoming a border patrol agent." On January 31, 2007, the agency issued a final decision sustaining the charge and removing Borrego from his position in the agency.

Borrego subsequently appealed to the MSPB. The Administrative Judge ("AJ") held a hearing, at which Borrego was represented by counsel. The AJ found that the agency proved that Borrego had engaged in the alleged misconduct, that there was a nexus between the off-duty misconduct and the efficiency of the service, that the penalty was reasonable and promoted the efficiency of the service, and that there was no harmful procedural error by the agency in its removal action.

Borrego did not seek review by the full MSPB, and, therefore, the initial decision of the AJ became the final decision of the Board. Borrego timely petitioned for review to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). See also Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed. Cir. 1998).

Borrego argues, inter alia, that the agency did not sustain its burden in proving the charge of "conduct unbecoming a border patrol agent." He argues that he was removed for making a false statement under oath during the investigation of the theft charge. The proposed removal, however, was not for making a false statement. It was for conduct unbecoming a border patrol agent, namely, shoplifting while off-duty. Borrego admitted, under oath, that he shoplifted while off-duty. In multiple written documents and oral statements over many months, he has consistently stated that he committed this act. Therefore, there is substantial evidence to support the conclusion that Borrego shoplifted while off-duty.

Borrego argues that the removal was not in accordance with the agency's promulgated rules and practices. He argues that a charge of theft can only carry a maximum penalty of up to 14 days suspension, under the agency rule that states:

> Unauthorized use, removal, or possession of a thing of value belonging to another employee or private citizen . . . [has a penalty range of] Written reprimand to 14-day suspension

However, the charge at issue is "conduct unbecoming a border patrol agent" which falls under the agency's rule:

> Criminal, infamous, or notoriously disgraceful conduct, or other conduct prejudicial to the government . . . [has a penalty range of] 14 days suspension to removal.

Therefore, the penalty of removal is in accordance with the agency's promulgated rules and practices.

Borrego argues that the removal was an excessive penalty. The AJ reviewed in detail the reasons the agency chose the penalty of removal under the Douglas factors.

Initial Decision at 7-18; See Douglas v. Veterans Admin., 5 M.S.P.R. 280, 303 (M.S.P.B. 1981). The penalty was not an abuse of discretion.

Finally, Borrego argues that there were procedural issues that warrant reversal. The burden of establishing such procedural errors rests upon the petitioner. Martin v. Fed. Aviation Admin., 795 F.2d 995, 997 (Fed. Cir. 1986). Borrego has not established procedural error. Borrego asserts that he was denied due process because his attorney was not notified of the MSPB hearing. However, Borrego admits that his attorney did have one month's notice before the hearing. Borrego also asserts that the AJ rejected submission of evidence of dismissal of the theft charge and copies of case law which support his case. The record does not show that any submission was rejected. In addition, the dismissal of the theft charge was specifically cited by the AJ on page 5 of the Initial Decision.

We find that the Board's decision was free of legal error and supported by substantial evidence, and accordingly we affirm.

COSTS

No costs.