UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ERIC CADENA, | DOCKET NUMBER |
| Appellant, | DE-0432-19-0321-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: July 15, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bobby R. Devadoss, Esquire, McRae Cleaveland, Esquire, and Tyler J. Sroufe, Esquire, Dallas, Texas, for the appellant.

Mark W. Hannig, Esquire, El Paso, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the appellant's removal pursuant to 5 U.S.C. chapter 43. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED concerning the administrative judge's finding that the agency failed to warn the appellant of the inadequacies of his performance in a critical element and to also find that the agency failed to show that it communicated to the appellant the critical elements and performance standards of his position, we AFFIRM the initial decision.

## BACKGROUND

¶2　　The appellant was formerly employed as an Air Interdiction Agent with the U.S. Customs and Border Protection until the agency removed him for unacceptable performance pursuant to 5 U.S.C. chapter 43. Initial Appeal File (IAF), Tab 9 at 15. On September 27, 2018, the appellant was notified that he was being placed on a 90-day performance improvement plan (PIP) from September 28 to December 28, 2018. *Id.* at 282-83. Following the PIP, the agency determined that the appellant's performance was unacceptable and, on February 21, 2019,[2] the agency proposed the appellant's removal. *Id.* at 160-65. After affording the appellant an opportunity to respond, the agency removed him, effective June 10, 2019. *Id.* at 17-21.

---

[2] The proposal notice is inadvertently dated February 21, 2018. IAF, Tab 9 at 165.

¶3      The appellant filed a Board appeal challenging his removal and raising affirmative defenses of whistleblower reprisal and discrimination based on his national origin and reprisal for prior equal employment opportunity (EEO) activity.  IAF, Tab 1.  After the appellant withdrew his request for a hearing, IAF, Tab 13, the administrative judge issued an initial decision based on the written record, IAF, Tab 22, Initial Decision (ID).  The administrative judge reversed the appellant's removal, finding that the agency failed to prove that it warned the appellant of the inadequacies in his performance.  ID at 6-10.  The administrative judge further found that the appellant failed to prove his affirmative defenses.[3]  ID at 10-23.  Regarding the appellant's whistleblower reprisal claim, the administrative judge found that the agency proved by clear and convincing evidence that the agency would have removed the appellant absent his disclosure and protected activity.  ID at 16-20.  Regarding the appellant's remaining affirmative defenses, the administrative judge found that the appellant failed to prove that his national origin or his filing of a prior discrimination complaint were a motivating factor in his removal.  ID at 21-22.

¶4      The agency has filed a petition for review asserting that the administrative judge erred in reversing the appellant's removal.  Petition for Review (PFR) File, Tab 1.  The appellant has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      At the time the initial decision was issued, the Board's case law stated that, in a performance-based action under 5 U.S.C. chapter 43, an agency must establish by substantial evidence that:  (1) the Office of Personnel Management approved its performance appraisal system; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards are valid under 5 U.S.C. § 4302(c)(1); (4) the agency warned the appellant of the inadequacies of his performance during the

---

[3] The appellant has not filed a petition or cross petition for review challenging these findings.

appraisal period and gave him a reasonable opportunity to improve; and (5) the appellant's performance remained unacceptable in at least one critical element. *White v. Department of Veterans Affairs*, 120 M.S.P.R. 405, ¶ 5 (2013).

¶6        During the pendency of the petition for review in this case, the U.S. Court of Appeals for the Federal Circuit held in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021), that in addition to the five elements of the agency's case set forth above, the agency must also justify the institution of a PIP by proving by substantial evidence that the employee's performance was unacceptable prior to the PIP.  The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place.  *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16.

¶7        The administrative judge found that the agency failed to prove that it warned the appellant of the inadequacies of his performance because it offered no evidence of the necessary warning at the outset of the PIP.  ID at 8.  In so finding, the administrative judge noted that there was no documentation in the record concerning the appellant's performance ratings prior to his placement on the PIP and the agency had not submitted a copy of the appellant's performance plan containing the critical elements and standards under which his performance was measured.  *Id.*  The administrative judge further found that the PIP letter itself failed to inform the appellant that the agency considered his performance unacceptable; rather, it merely identified specific tasks the appellant was to perform during the PIP.  ID at 9.  Similarly, the administrative judge also found that the progress notes of the appellant's meetings with his supervisor during the PIP similarly did not apprise the appellant that his performance was unacceptable but, rather, merely discussed the appellant's progress on the specific tasks identified in the PIP.  *Id.*  Finally, the administrative judge noted that the agency granted the appellant a within-grade increase on October 14, 2018, two weeks

into the PIP, thereby certifying that the appellant's performance was at an acceptable level. ID at 9-10.

¶8        On review, the agency first contends that the administrative judge erred in *sua sponte* raising the issue of whether the agency warned the appellant of the inadequacies of his performance. PFR File, Tab 1 at 7. Such an argument is unavailing. The agency is required to prove that it warned the appellant of the deficiencies in his performance and afforded him a reasonable opportunity to improve as part of its prima facie case. *Cf. Mattes v. Department of the Army*, 24 M.S.P.R. 477, 480 (1984).

¶9        Next, the agency asserts that the administrative judge improperly required it to prove that it warned the appellant of the inadequacies of his performance "prior to the appraisal period," at the "outset of the PIP" and/or "prior to his placement on the PIP" instead of "during the appraisal period." PFR File, Tab 1 at 5-6. We agree with the agency that proof of a pre-PIP warning of unacceptable performance is not required to defend an action under chapter 43. *See Harris v. Securities and Exchange Commission*, 972 F.3d 1307, 1316 (Fed. Cir. 2020) (clarifying that the PIP notice itself often serves as the required warning in a chapter 43 action); *see also Santos*, 990 F.3d at 1361-62 (reinforcing its holding in *Harris*, 972 F.3d at 1316). However, as the Federal Circuit held in *Santos*, 990 F.3d at 1360-61, an agency must prove by substantial evidence that an employee's performance was unacceptable prior to the PIP. Here, although the administrative judge correctly found an absence of pre-PIP evidence of unacceptable performance based on the record below, the parties did not have an opportunity to address the modified legal standard in light of *Santos*. ID at 9; *see Lee*, 2022 MSPB 11, ¶ 16 (remanding the appeal for further evidence and argument under the modified legal standard).

¶10       Nevertheless, we need not remand this case for further adjudication because the agency did not prove other elements of its burden of proof under chapter 43, which were not modified by *Santos*. As set forth and modified below, we agree

with the administrative judge's ultimate conclusion that the agency failed to show that it warned the appellant of the inadequacies in his performance in a critical element during the appraisal period. Moreover, we also find that the agency failed to show that it communicated to the appellant the critical elements and performance standards of his position.[4]

¶11　　The agency has not filed a copy of the appellant's performance plan or otherwise identified the critical elements of the appellant's position or explained what the performance standards or levels were for the relevant critical elements and/or how the tasks identified in the PIP correspond to such critical elements and standards. *See, e.g.*, *Johnson v. Department of the Interior*, 87 M.S.P.R. 359, ¶ 12 (2000) (noting that all critical elements must have performance standards, which are defined by regulation as management approved expressions of the performance thresholds, requirements, or expectations that employees must meet to be appraised at particular levels of performance). Nor is it clear based on the record whether the agency's performance program was based on a 4-tier system or a 2-tier pass/fail system. As part of its agency file, the agency submitted a 2008 Performance Management Program for the Department of Homeland Security, which provides for a 4-tier system for rating each core competency and individual performance goal as well as a 4-tier overall rating system. IAF, Tab 9 at 305-06. However, the deciding official and the appellant's second-level supervisor both reference a 2-tier pass/fail system. IAF, Tab 9 at 17, Tab 19 at 14.

¶12　　The agency's failure to submit clear information concerning the appellant's performance plan, critical elements, and performance standards is problematic

---

[4] The agency's failure to show that it communicated to the appellant the critical elements and performance standards of his position is also relevant to the substantive element set forth in *Santos*, i.e., that the employee's performance was unacceptable prior to the PIP. 990 F.3d at 1361-62. Absent valid performance standards, the Board cannot evaluate whether the appellant's performance was unacceptable. *See, e.g.*, *Henderson v. National Aeronautics and Space Administration*, 116 M.S.P.R. 96, ¶ 9 (2011); *Ortiz v. Department of Justice*, 46 M.S.P.R. 692, 695 (1991); *Williams v. Department of Health and Human Services*, 30 M.S.P.R. 217, 220 (1986).

because to sustain a chapter 43 removal the appellant's performance inadequacies must relate to a critical element of his position. *See, e.g.*, *Martin v. Federal Aviation Administration*, 795 F.2d 995, 997 (Fed. Cir. 1986) (stating that the requirements incumbent upon an agency in effecting a proper chapter 43 removal action are to set up an approved performance appraisal system, communicate the written performance standards and "critical elements" of an employee's position to the employee at the beginning of the appraisal period, warn of inadequacies in "critical elements" during the appraisal period, and counsel and afford an opportunity for improvement after proper notice); *Lovshin v. Department of the Navy*, 767 F.2d 826, 834 (Fed. Cir. 1985) (emphasizing that the statutory term "unacceptable performance" in chapter 43 is not a synonym for generally poor performance or inefficiency but rather is a term of art specifically defined under 5 U.S.C. § 4301(3)); 5 C.F.R. § 432.103(h) (defining unacceptable performance as "performance of an employee which fails to meet established performance standards in one or more critical elements of such employee's position"); 5 C.F.R. § 432.103(b) (defining critical element as "a work assignment or responsibility of such importance that unacceptable performance on the element would result in a determination that an employee's overall performance is unacceptable").

¶13 Here, the appellant's alleged performance deficiencies do not relate to his primary job duties as a pilot or law enforcement agent, which involved performing aviation law enforcement operations for the detection, prevention, interdiction and apprehension of terrorists, terrorist weapons, and other contraband and persons from illegally entering or attacking the United States. IAF, Tab 9 at 286. Rather, the appellant's alleged performance deficiencies relate to his "collateral" vehicle officer duties, which appear to have involved maintaining vehicles mechanically, keeping vehicle registration paperwork current, completing vehicle reports, and drafting a local vehicle policy. IAF, Tab 9 at 162-63, 282-83, Tab 17 at 157. Such collateral duties are not

referenced in the appellant's position description, IAF, Tab 9 at 286-88, but according to the agency, they were assigned on a rotating basis at management's discretion, IAF, Tab 17 at 4-6, 18-20, 160-61, 165-66. Thus, it is unclear whether such duties fall under a critical element of the appellant's position. *See* 5 C.F.R. § 432.103(b).

¶14     The PIP identified three categories of job duties, including Official Duties (Category 1), Reports (Category 2), and Communication (Category 1), which were to be the focus of the PIP. IAF, Tab 9 at 282-83. The Official Duties and Reports categories focused on the appellant's vehicle officer duties. However, the PIP does not clearly characterize these categories of job duties under any particular critical element. Even assuming that the categories identified in the PIP themselves constitute critical elements of the appellant's performance plan, the agency's proposal notice references different critical elements of Job Knowledge and Technical Skills, which are not mentioned in the PIP. *Id.* at 160. The critical elements of Job Knowledge and Technical Skills also do not clearly correspond to the agency's department-wide core competencies of Technical Proficiency, Teamwork/Cooperation, Communications, and Representing the Agency, as set forth in the agency's 2008 performance program contained in the agency file.[5] *Id.* at 300.

¶15     In the decision letter, the deciding official similarly references the critical elements of Job Knowledge and Technical Skills, but he assesses the appellant's performance in such elements under requirements that are not contained in the appellant's performance plan, or even in the PIP, but, rather, are described in the appellant's job description. IAF, Tab 9 at 18. However, the appellant's job description is not a valid performance plan that sets forth performance standards by which the agency was to measure the appellant's performance. *See, e.g.*, *Betters v. Federal Emergency Management Agency*, 57 M.S.P.R. 405, 409 (1993)

---

[5] Under the 2008 program, an employee is rated pursuant to these four department-wide core competencies as well as individual performance goals. IAF, Tab 9 at 299-300, 305-06. It is unclear what the appellant's individual performance goals were.

(stating that the propriety of a charge of unacceptable performance is judged not based on a position description but rather on the employee's performance plan and the elements and standards derived under it); *Williams v. Department of Health and Human Services*, 30 M.S.P.R. 217, 220 (1986) (stating that an agency may not prove an employee's unacceptable performance of a critical element without regard to the written performance standard for that critical element).

¶16     Regarding the Job Knowledge critical element, the decision letter states that the appellant's position description requires the "[a]bility to evaluate information rapidly and make judicious decisions promptly, while remaining courteous and professional" as well as the "[a]bility to communicate orally and in writing." IAF, Tab 9 at 18.  The deciding official concluded that the appellant's "failure to conduct forthcoming and timely electronic communication explicitly failed these performance standards."  *Id.*  In contrast, the standards set forth in the PIP required the appellant to be honest in all communications and to respond to email traffic in a timely and adequate manner.  *Id.* at 283.

¶17     Regarding the Technical Skills critical element, the decision letter states that the appellant's position description requires that "[c]ompleted work products are relied upon for soundness, accuracy, and adequacy of technical detail. Review of work performance is primarily for accomplishment of objectives, consistency with policies and goals and for contribution to improvements in the aviation programs and operations."  *Id*. at 18.  It also cites to a section in the appellant's job description that states, "[g]uidelines consist of the U.S. Code, Constitutional laws, DHS rules, regulations, policies, procedures, directives and manuals.  Within the context of such broad regulatory guidelines, the incumbent may refine or develop more specific guidelines for the measurement or improvement of the air interdiction program."  The deciding official concluded that the appellant's "failure to complete the vehicle policy on time explicitly violate[d] these components of [the appellant's] job description."  *Id.*

Such standards, however, do not require timely completion of the vehicle policy and also differ from the standards set forth in the PIP.

¶18 Under these circumstances, we find that the agency failed to show that it communicated to the appellant the performance standards and critical elements of his position or that it communicated to him the critical elements and standards for which his performance was alleged to have been unacceptable.[6] *Cf. Atamantyk v. Department of Defense*, 49 M.S.P.R. 432, 437 (1991) (finding that the agency failed to provide the appellant with a reasonable opportunity to improve his performance because the performance standard component of the critical element at issue in the agency's proposal notice differed from the component cited in the agency's PIP and, thus, the appellant was not informed that his performance with respect to the component was unacceptable prior to his proposed removal).

¶19 Accordingly, we affirm the initial decision as modified.[7]

**ORDER**

¶20 We ORDER the agency to cancel the appellant's removal and to restore the appellant effective June 10, 2019. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

---

[6] For the reasons discussed above, we are not persuaded by the agency's argument on review that the PIP unmistakably informed the appellant that the agency considered his performance in "critical elements" as "not satisfactorily completed" and "failures." PFR File, Tab 1 at 6-7. The PIP did not clearly identify the critical elements and only advised the appellant that he was to perform certain tasks and that a certain number of "failures" during the PIP would result in him not satisfactorily completing the PIP. IAF, Tab 9 at 282-83. It also did not cite to or explain any performance deficiencies under a critical element.

[7] We do not address whether the agency afforded the appellant a reasonable opportunity to improve or whether his performance was unacceptable in a critical element. Because we reverse the removal on other grounds, we find it unnecessary to reach these issues. *See* ID at 7; *see also O'Neal v. Department of the Army*, 47 M.S.P.R. 433, 438-39 (1991) (stating that, before holding an employee accountable for unacceptable performance, an agency must prove that it communicated the standards against which the employee's performance was to be measured).

¶21     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶22     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶23     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶24     For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[8]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter.  5 C.F.R. § 1201.113. You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐   1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐   2) Settlement agreement, administrative determination, arbitrator award, or order.

☐   3) Signed and completed "Employee Statement Relative to Back Pay".

☐   4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐   5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐   6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐   7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.
2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.