# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CONRADO W. SKEPPLE,
                Appellant,

      v.

DEPARTMENT OF DEFENSE,
                Agency.

DOCKET NUMBER
AT-0432-16-0320-I-1

DATE: August 18, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Erik De L'Etoile, Esquire, Tampa, Florida, for the appellant.

Mark Claytor, Fort Lee, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action demoting him for unacceptable performance pursuant to 5 U.S.C. chapter 43. For the reasons set forth below, we GRANT the petition for review, VACATE the initial decision, and REMAND the appeal to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Atlanta Regional Office for further adjudication consistent with the U.S. Court of Appeals for the Federal Circuit's decision in *Santos v. National Aeronautics & Space Administration*, 990 F.3d 1355 (Fed. Cir. 2021).

## BACKGROUND

¶2      The appellant filed a Board appeal from the agency's decision to demote him from the GS-1101-06 Commissary Contractor Monitor (Quality Assurance Evaluator) (QAE) position to the WG-6914-04 Store Worker position for unacceptable performance. Initial Appeal File (IAF), Tab 4 at 28-31. The record reflects that the QAE's primary job duties included, among other responsibilities: (1) various customer service duties, to include addressing questions and concerns from both internal and external customers; (2) monitoring and reporting the performance of the contractor who provided various services to the commissary; (3) various administrative duties; and (4) maintaining a safe and secure work environment at the commissary for patrons and employees. IAF, Tab 13 at 77-81. The appellant's performance plan for the rating period from July 1, 2014, through June 30, 2015, contained four critical job elements (CJEs) and one noncritical job element. *Id.* The appellant's performance in each of the CJEs was rated on a three-tier system, Exceeded, Met, or Did Not Meet. *Id.*

¶3      On June 7, 2015, the appellant received written notice that his performance was at an unacceptable level in three of the four CJEs of his performance plan, CJE 1—Customer Care, CJE 3—Contract Monitoring, and CJE 5—Safety and Security. IAF, Tab 13 at 8-12. The notice advised the appellant that he was being placed on a 60-day performance improvement plan (PIP), during which time his supervisor would monitor his performance and meet with him to review his work and discuss his progress. *Id.* at 8-11. The appellant was advised that, if his performance remained at an unacceptable level, appropriate action would be taken to demote or remove him from Federal service. *Id.* Following the conclusion of the PIP, the appellant was issued a notice of proposed demotion

charging him with unacceptable performance in CJEs 1, 3, and 5. IAF, Tab 4 at 48-51. The appellant provided an oral and a written response to the deciding official (DO). *Id.* at 8. On January 11, 2016, the DO issued a decision letter finding that the appellant demonstrated unacceptable performance in the three CJEs, as charged, and he was notified that he was being demoted to Store Worker, effective February 7, 2016. *Id.* at 28-31. The appellant then filed this appeal. IAF, Tab 1.

¶4      In his initial decision, the administrative judge found that the agency adequately communicated the appellant's CJEs and performance standards to him and that the standards are valid. IAF, Tab 40, Initial Decision (ID) at 6-8. Regarding adequate notice of unacceptable performance, the administrative judge performed a *Hillen*[2] analysis on witness credibility and found the appellant's assertion that he was unaware that he had been placed on a PIP was inherently improbable and was not credible. ID at 9-10. The administrative judge also found that the agency provided the appellant with a meaningful opportunity to improve. ID at 11-15. Regarding the appellant's performance in CJE 1— Customer Care, the administrative judge found that the appellant was on notice of the agency's expectations under CJE 1 and that the agency specifically counseled him over responsiveness to internal customers, including managers and coworkers, and being professional in his interactions with these individuals. ID at 18. The administrative judge further found that the agency proved by substantial evidence the three, separate incidents of unacceptable performance

---

[2] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering factors such as the following: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).

under CJE 1, i.e., two distinct instances of failing to respond to his supervisor's request for information about product display shelving that needed cleaning and one incident of sending inappropriate emails to a coworker concerning selecting a grocery department training course. ID at 16-24. Thus, the administrative judge found that the agency proved the charge of unacceptable performance in CJE 1. *Id.* Because unacceptable performance in one CJE is sufficient to sustain the agency's action, the administrative judge found it unnecessary to analyze whether the appellant's performance was unacceptable in CJE 3 and CJE 5. ID at 6. Accordingly, the administrative judge affirmed the agency's demotion action. ID at 24.

¶5   The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6   At the time the initial decision was issued, the Board's case law stated that, in an appeal of a performance-based action under 5 U.S.C. chapter 43, the agency must establish the following by substantial evidence:[3] (1) the Office of Personnel Management approved its performance appraisal system and any significant changes thereto; (2) the agency communicated to the appellant the performance standards and critical elements of his position; (3) the appellant's performance standards were valid under 5 U.S.C. § 4302(c)(1);[4] (4) the agency warned the appellant of the inadequacies of his performance during the appraisal period and gave him a reasonable opportunity to demonstrate acceptable performance; and (5) the appellant's performance remained unacceptable in one or more of the

---

[3] Substantial evidence is the "degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree." 5 C.F.R. § 1201.4(p).

[4] As a result of the enactment of the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, § 1097(d)(1), 131 Stat. 1283, 1619 (2017), the criteria that were set forth in 5 U.S.C. § 4302(b)(1) at the time the initial decision was issued now appear in 5 U.S.C. § 4302(c)(1).

critical elements for which he was provided an opportunity to demonstrate acceptable performance. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 5 (2010).

The appellant's arguments do not provide a basis to disturb the initial decision's findings as to the three specifications of the unacceptable performance charge under CJE 1.

¶7    The appellant argues that the initial decision contains erroneous findings of material facts that would alter the outcome of the initial decision. PFR File, Tab 1. Specifically, the appellant challenges the administrative judge's determination that he failed to respond as directed to two separate emails from his direct supervisor.[5] *Id.* at 5-6. The appellant argues that the two emails in question required a response from him only if he should find issues or concerns, and because he found no issues, he was not required to respond. *Id.* The appellant also asserts that he was never "warned or told that he must respond" to the emails. *Id.* The appellant also argues that, because the emails required him to respond only if he found issues, the agency failed to prove this specification because it did not show that he found areas of concern and failed to bring those to his supervisor's attention. *Id.* at 7. Thus, the appellant contends that, because the administrative judge's findings are erroneous, his demotion was sustained based on one email that was not intended to be unprofessional. *Id.*

¶8    However, after reviewing the record evidence, including the hearing record, we find that the appellant is arguing for the first time on review that his supervisor's emails to him did not require a response. Because he has made no showing that this argument is based on new and material evidence not previously available despite his due diligence, we need not consider it. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016); 5 C.F.R. § 1201.115(d).

---

[5] The appellant does not challenge the administrative judge's findings that his performance standards are valid and that he received adequate notice of unacceptable performance. ID at 7-15. We see no reason to disturb those findings.

¶9     Nonetheless, the hearing testimony reflects that the appellant admitted that he knew he was expected to respond to the emails but did not do so.  IAF, Tab 40, Hearing Compact Disc (testimony of the appellant).  Additionally, the appellant received a June 29, 2015 email, which instructed him to walk the aisles and check the condition of the commissary shelves at the beginning of his next shift and to notify his supervisor by email about the areas found to need the supervisor's attention.  IAF, Tab 8 at 32-34.  His supervisor's hearing testimony and counseling notes for July 7, 2015, show that the appellant specifically was counseled regarding his failure to respond to the June 29, 2015 email.  *Id.* at 31.  Furthermore, the record includes a July 13, 2015 email from his supervisor to an agency Human Resource Specialist noting that that he had specifically discussed this issue with the appellant.  *Id.* at 32.  Similarly, the testimony and the counseling notes documenting the appellant's July 27, 2015 meeting with his supervisor also reflect that the appellant was counseled concerning his failure to respond to his supervisor's request for correspondence.  *Id.* at 7.  Thus, the record supports the administrative judge's finding that the appellant received the emails from his supervisor, that he was warned of the requirement to respond to those emails, and that he failed to do so.

¶10    As to the specification that the appellant sent an email that he contends was not meant to be unprofessional, the June 6, 2015 memorandum notifying the appellant of his placement on a PIP explicitly stated that he was required to promote a positive image, and he was not to be rude, impolite, or unprofessional to any customer, coworker, manager, or authorized patron.  IAF, Tab 13 at 8-9.  He also was advised that he was expected to communicate professionally with his coworkers.  *Id.*  The administrative judge thoroughly discussed the language used by the appellant in the two emails he sent to a coworker, in which he called another coworker a "clown," used symbols to represent profanity, referred to several coworkers as "dirty people," and accused his supervisor of "trying to undermine" the grocery school training selection process.  ID at 20-22.  We agree

with the administrative judge that the language the appellant used in the emails was "unprofessional and highly inconsistent" with CJE 1, requiring the appellant to promote a positive agency image and improve customer relations. IAF, Tab 13 at 77, Tab 5 at 16; ID at 21.

¶11 Finally, the appellant contends that the agency did not afford him a reasonable opportunity to improve because the agency arguably demonstrated that only one of the emails was unprofessional, and so, the administrative judge should not have determined that the agency established that he failed to meet the standards of CJE 1 based on this single unprofessional email. An opportunity to demonstrate improved performance is a substantive right afforded an employee under chapter 43 of title 5. *Martin v. Federal Aviation Administration*, 795 F.2d 995, 997 (Fed. Cir. 1986). An agency may establish a prima facie case that it afforded the appellant an opportunity to improve by documentary or testimonial evidence showing that the appellant was offered such an opportunity, but he then may challenge such evidence. *Adorador v. Department of the Air Force*, 38 M.S.P.R. 461, 464 (1988). The agency has the ultimate burden to prove that the opportunity to improve was given. *Id.* First, as set forth above, we disagree with the appellant's claim that the agency demonstrated that he sent only one unprofessional email during the 60-day PIP. Second, the agency counseled the appellant about what he needed to do to improve his communications and told him how he was falling short during the PIP. Third, the appellant's supervisor provided the appellant with guidance and feedback during the PIP to try to assist him in performing at what the agency considered an acceptable level. *See Shuman v. Department of the Treasury*, 23 M.S.P.R. 620, 623 (1984) (finding that an employee who is not given adequate instructions regarding the manner in which he is expected to perform the duties of his position has not been provided with an adequate opportunity to demonstrate acceptable performance). We therefore find that the administrative judge correctly determined that the agency afforded the appellant a reasonable opportunity to improve. Thus, we find that

the appellant has shown no basis upon which to disturb the administrative judge's findings and determinations regarding any of the three specifications of the unacceptable performance charge under CJE 1.

Remand is required in light of *Santos*.

¶12    Although the administrative judge correctly applied the Board's precedent setting forth the relevant legal standard for chapter 43 actions at the time he issued his initial decision, subsequent to the initial decision, the Federal Circuit held for the first time that, to support such an action, an agency "must justify institution" of a PIP by showing that the employee's performance was unacceptable prior to the same. *Santos*, 990 F.3d at 1360-61. Therefore, to defend an action under chapter 43, an agency now also must prove by substantial evidence that the appellant's performance during the appraisal period prior to the PIP was unacceptable in one or more critical elements. *See Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶¶ 15-17. The Federal Circuit's decision in *Santos* applies to all pending cases, including this one, regardless of when the events took place. *Id.*, ¶ 16. We therefore remand this case for further adjudication of the appellant's demotion. *See Santos*, 990 F.3d at 1363-64 (remanding the appeal for further proceedings under the modified legal standard); *see also Lee*, 2022 MSPB 11, ¶ 16 (remanding the appellant's chapter 43 appeal because the parties were not informed of the modified standard set forth in *Santos*).

¶13    On remand, the administrative judge shall accept evidence and argument on whether the agency proved by substantial evidence that the appellant's performance prior to the PIP was unacceptable. The administrative judge shall hold a supplemental hearing if appropriate. The administrative judge shall then issue a new initial decision consistent with *Santos*. If the agency makes the additional showing required under *Santos* on remand that the appellant's performance in at least one critical element was at an unacceptable level prior to

his placement on the PIP, the administrative judge may incorporate his prior findings on other elements of the agency's case in the remand initial decision.

## ORDER

¶14     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.